**NOT FOR PUBLICATION**                                           **CASE CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――――
FRANK GRECO, RAHEEM RASHADA, KEITH     :
REED,                                  :
                                       :
            Plaintiffs,                :
                                       :         Civil Action No. 05-3869(JAP)
      v.                               :
                                       :
ADULT DIAGNOSTIC AND TREATMENT         :
CENTER, PABLO ALICEA, STEVEN RUSSO,    :         **OPINION**
BRONISLAW SZULC, GRACE ROGERS, and     :
DEVON BROWN, in their official capacities, and  :
their successors, MERIT SYSTEM BOARD,  :
MARGARET E. HOWARD, HENRY MAURER,      :
in their official capacities, and their successors,  :
                                       :
                                       :
            Defendants.                :
―――――――――――――――――――――――  :

      Presently before the Court is Defendants, Adult Diagnostic and Treatment Center, Pablo

Alicea, Steven Russo, Bronislaw Szulc, Grace Rogers, Devon Brown, Merit System Board,

Margaret E. Howard, and Henry Maurer's (collectively, "Defendants") motion for summary

judgment.  Plaintiffs, Frank Greco, Raheem Rashada, and Keith Reed (collectively, "Plaintiffs")

oppose the motion.


**I.      Background**


      Plaintiffs were employed by the New Jersey Department of Corrections ("DOC") as

corrections officers.   Between August 1999 and March 2000, the DOC's Special Investigations

Unit conducted an investigation of Plaintiffs' improper interactions with an inmate and found that the inmate had prepared correspondence and other legal documents for six corrections officers including Plaintiffs.  In or around October 2000, the DOC initiated disciplinary action to remove Plaintiffs from their employment positions due to their improper interactions with the inmate pursuant to N.J.A.C. 4A:2-2.3(a), which lists a variety of general causes a Department of Personnel employee may be subject to discipline.  Plaintiffs were provided with notice of the disciplinary actions and following a departmental hearing, removed from their employment. Plaintiffs first appealed their termination to the New Jersey Office of Administrative Law ("OAL"), which the OAL upheld on October 23, 2003, then appealed to the Merit System Board of the New Jersey Department of Personnel ("MSB"), which also upheld Plaintiffs' termination on December 8, 2003.

On August 4, 2005, Plaintiffs filed a complaint with this Court alleging violation of Plaintiffs' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution ("Fourteenth Amendment"), denial of Equal Protection under the Fourteenth Amendment, and violation of Plaintiffs' substantive and procedural due process rights under the New Jersey Constitution.  The parties stipulated to the dismissal with prejudice of Defendants MSB, Margaret E. Howard, and Henry Maurer on July 16, 2007.

## II.    Standard of Review

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The

substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a

reasonable jury could return a verdict" for the non-moving party.  *Healy v. N.Y. Life Ins. Co.*, 860

F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue

of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party

makes this showing, the burden shifts to the non-moving party to present evidence that a genuine

fact issue compels a trial.  *Id.* at 324.  In so presenting, the non-moving party may not simply rest

on its pleadings, but must offer admissible evidence that establishes a genuine issue of material

fact, *id.*, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.

v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable

to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir.

1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need

determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  If the

non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine

issue of material fact exists, then the Court must grant summary judgment.  *Big Apple BMW v.

BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

III.   **Discussion**

Plaintiffs allege that their substantive and procedural due process rights provided by the

Fourteenth Amendment and New Jersey Constitution were violated because they were not

provided adequate notice of the evidence being used against them at the departmental hearing,

not holding the departmental hearing within the proper time frame, and not afforded the

opportunity to confront witnesses who testified against them at the departmental hearing.

      a.     Procedural Due Process

The Fourteenth Amendment provides that "no State shall...deprive any person of life,

liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1.  To state a

claim for a violation of procedural due process rights, "a plaintiff must allege that (1) he was

deprived of an individual interest that is encompassed within the Fourteenth Amendment's

protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide

'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).  Thus,

the threshold issue with respect to Plaintiff's procedural due process claim is whether Plaintiff

was deprived of a "cognizable liberty or property interest." *Mudric v. Attorney General*, 469

F.3d 94, 98 (3d Cir. 1995) (noting that "[i]t is axiomatic that a cognizable liberty or property

interest must exist in the first instance for a procedural due process claim to lie").  As relevant to

a procedural due process claim, these protected interests are not created by the Constitution, but

rather are "created and their dimensions are defined by existing rules or understandings that stem

from an independent source such as state law-rules or understandings that secure certain benefits

and that support claims of entitlement to those benefits." *Baraka v. McGreevey*, 481 F.3d 187,

205 (3d Cir. 2007) (quoting *Board of Regents of State Coll. v. Roth*, 408 U.S. 564, 577, 92 S. Ct.

2701, 33 L. Ed.2d 548 (1972)).

-4-

Here, Plaintiffs were afforded a departmental hearing.  They appealed the departmental decision to the OAL, which conducted a twenty-two day hearing at which they were given the opportunity to review evidence and confront witnesses.  Plaintiffs then appealed the OAL's decision to the MSB.  No procedural infirmities exist here.  Furthermore, nothing in the New Jersey constitution provides a right to a departmental hearing within a certain time frame.  N.J.A.C. 4A:2-2.6(d) provides only that "the appointing authority shall make a decision on the charges and furnish the employee...with a Final Notice of Disciplinary Action" within twenty days of the hearing.  This was provided to Plaintiffs.

Consequently, because Plaintiffs have not shown any "deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property," *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556 (1972) or the New Jersey constitution, Plaintiffs' procedural due process claims fail.

b.   Substantive Due Process

"[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)).  As with Plaintiff's procedural due process claim, to prevail on a substantive due process claim Plaintiff "must establish as a threshold matter that [s]he has a protected property interest to which the Fourteenth Amendment's due process protection applies.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006) (quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133,

139-140 (3d Cir.2000)).  However, unlike with a procedural due process claim, whether an interest is protected for purposes of substantive due process is not determined by reference to state law.  Rather, for a property interest to be protected for purposes of substantive due process, it must be "fundamental" under the United States Constitution.  *Nicholas*, 227 F.3d at 140.

Consequently, the first step in a substantive due process analysis is to define the "exact contours of the underlying right said to have been violated."  *Leamer v. Fauver*, 288 F.3d 532, 546 (3d Cir. 2002) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).  In this case, Plaintiffs appear to base their substantive due process claim on the "arbitrary, capricious and unjustified removal from the Department of Corrections."  Compl. ¶ 67.  Plaintiffs allege that "the defendants arbitrarily [chose] to terminate them for the same acts committed by other corrections officers, who were not disciplined and continue to work for the Department of Corrections," which denied Plaintiffs' "their Equal Protection rights."  Compl. ¶ 75-76.

Courts, however, have not recognized public employment as a fundamental right created by the Fourteenth Amendment, which would trigger substantive due process protection.  *See Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133 (3d Cir. 2000); *see also Singleton v. Cecil*, 176 F.3d 419, 425-26 (8th Cir. 1999) (en banc) ("a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process"); McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc) ("employment rights are not 'fundamental' rights created by the Constitution).  Having failed to meet the threshold requirement of a fundamental interest protected by the Fourteenth Amendment, Plaintiffs have failed to state cognizable substantive due process claims.

Furthermore, Plaintiffs should have appealed the administrative decisions to the Appellate Division of the Superior Court of New Jersey as allowed by New Jersey Court Rule 2:2-3(a)(2), rather than this Court, but they did not.  *See also* N.J. CONST. art. VI, sec. 5, para. 4; *Prado v. State*, 186 N.J. 413, 420 (2006) (noting that appeals from final decisions of administrative agencies must be brought to the Appellate Division).  As a final note, the Court finds that Plaintiffs' "opposition" fails to respond to Defendants' motion.  It appears to the Court that Plaintiff merely seeks to re-argue the issue already decided in the administrative hearings.

## III.  Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is granted. All claims in Plaintiffs' complaint are dismissed with prejudice.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: December 3, 2007